UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID ROMO, | § | |
|     *Plaintiff* | § | |
| v. | § | NO. 4:17-CV-02163 |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | § | |
|     *Defendant.* | § | |

## MEMORANDUM OPINION

Plaintiff David Romo ("Plaintiff") seeks judicial review of the Acting Commissioner ("Commissioner") of the Social Security Administration's ("SSA") denial of his request for disability insurance benefits (DIB) and Supplemental Security Income (SSI) payments under Titles II and XVI, respectively, of the Social Security Act ("the Act"), 42 U.S.C. §§ 423, 1382(c).[1] The Parties filed cross motions for summary judgment. ECF No. 13, Pl.'s MSJ; ECF No. 14, Def.'s MSJ. Based on the briefings, record, and applicable law, the Court **DENIES** Plaintiff's motion and **GRANTS** the Commissioner's motion.

---

[1] The Parties consented to this Court's conducting all proceedings in this matter pursuant to 28 U.S.C. § 636(c). ECF Nos. 5 (Plaintiff's consent); 9 (Defendant's consent); 10 (Order to Transfer).

1

## I. BACKGROUND

On December 10, 2014, Plaintiff filed an application for DBI and SSI benefits alleging disability beginning September 1, 2014. R. 22.[2] He claimed disability due to obesity, carpal tunnel syndrome, high blood pressure, and arthritis. R. 218 (claimant's Disability Report, dated Jan. 15, 2015). When discussing the limitations these impairments caused, Plaintiff also claimed pain and shortness of breath. R. 235 (claimant's Function Report, dated Jan. 15, 2015). The claim was denied initially on March 13, 2015, and denied upon reconsideration on April 17, 2015. R. 22. At the time of the disability determination hearing, Plaintiff was 53 years old with a high school education and past relevant work experience as a laborer, water truck driver, and office cleaner. R. 29-30.

On April 6, 2016 Administrative Law Judge ("ALJ") Kimani R. Eason presided over a disability determination hearing. R. 38. Plaintiff appeared and testified. *Id.* Plaintiff's counsel, Angela Richards, appeared. Cheryl L. Swisher, an impartial vocational expert, also was present and testified at the hearing. *Id.* Plaintiff testified that he is not able to work because he suffers from severe pain and anxiety. R. 47-53.

On May 4, 2016, the ALJ issued a decision denying Plaintiff's application

---

[2] Citations to the Record ("R.") are to ECF No. 8, the Certified Administrative Record.

for benefits. R. 31. The ALJ found that Plaintiff had multiple severe impairments;[3] that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the record; that the opinion of Plaintiff's treating physician was due "some weight" rather than controlling weight; that Plaintiff has the residual functional capacity ("RFC") to perform light work subject to a list of limitations;[4] and that Plaintiff could perform jobs readily available in the regional and national markets.[5] R. 30-31.

Plaintiff requested the Appeals Council review the ALJ's decision. R. 174. On May 23, 2017, the Appeals Council denied Plaintiff's request for review. R. 1. Plaintiff thereafter filed a complaint in this Court on July 13, 2017. ECF No. 1.

## II. <u>LEGAL STANDARDS</u>

### A. <u>Summary Judgment</u>

Under Rule 56 of the Federal Rules of Civil Procedure, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.

---

[3] The severe impairments included carpal tunnel syndrome, morbid obesity, and anxiety. R. 24.

[4] The ALJ determined that the claimant can sit up to 6 hours; stand/walk up to 6 hours; occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds; occasionally stoop, kneel, crouch, and crawl; and can occasionally be exposed to weather. Mentally, the claimant can understand, remember, and carry out instructions, and can perform simple, routine, and repetitive tasks but not at a production rate pace (*e.g.* assembly line work). R. 30-31.

[5] The ALJ found that Plaintiff could work in positions such as office cleaner, office helper, or small products assembler. R. 30.

R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). To decide whether a genuine and material fact dispute exists, the court reviews the facts and inferences drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co., Inc. v. Sunbelt Fruit & Vegetable Co.*, *Inc.*, 336 F.3d 410, 412 (5th Cir. 2003). The Court may not make credibility determinations or weigh any evidence, and it must disregard all evidence favorable to the moving party that the jury is not required to believe. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage*, 336 F.3d at 412-13).

### B. Standard of Review

The Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any facts, if supported by substantial evidence, shall be conclusive ….

*Id.* Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "Substantial evidence" means "relevant evidence that a

4

reasonable mind might accept as adequate to support a conclusion." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). It is "something more than a scintilla but less than a preponderance." *Id.*

A reviewing court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (internal quotation marks and citation omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985); *Singletary v. Brown*, 798 F.2d 818, 822-23 (5th Cir. 1986). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Id.* A court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

### III. ANALYSIS

#### A. Plaintiff's Challenges to the ALJ's Decision

Plaintiff argues (1) the ALJ failed to properly evaluate Plaintiff's treating physician's opinion, and (2) the ALJ failed to properly consider Plaintiff's

credibility by failing to properly evaluate Plaintiff's treating physician's opinion and by failing to consider Plaintiff's work record. ECF No. 13 at 4, 10, 18. On the first point, Plaintiff specifically argues the ALJ erred by failing to discuss the six factors enumerated in 20 C.F.R. § 404.1527(c) in its decision to afford the opinion of Plaintiff's treating physician, Dr. Thomas, less than controlling weight.[6] In response to Plaintiff's motion, the Commissioner argues that substantial evidence supports the ALJ's decision. ECF No. 14 at 5, 9-10.

### B. The ALJ Properly Weighed Plaintiff's Treating Physician's Report.

Plaintiff relies on *Newton,* in which the Fifth Circuit required that the Commissioner give a treating physician's opinion about the nature and severity of a claimant's impairment controlling weight when well-supported and not inconsistent with other substantial evidence. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). *Newton* also laid out requirements for rejecting a treating

---

[6] Dr. Thomas' opinion concluded that Plaintiff can sit for more than 2 hours at a time and at least 6 hours in an 8-hour workday; can walk less than one city block without rest; can stand for 20 minutes at a time; can stand/walk for about 2 hours in an 8-hour workday; needs a job that permits shifting positions at will; needs to take unscheduled breaks every 1 to 2 hours during an 8-hour workday for 10 minutes each time; can frequently lift and carry amounts under 10 pounds and occasionally lift and carry up to 20 pounds; can bend and twist at the waist for 20 percent of an 8-hour workday; can occasionally climb stairs; can never stoop, crouch, or climb ladders; would likely have good days and bad days; and that he will likely need to miss work about twice per month. R. 592-94.

physician's medical opinion. "[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Id.* at 453, 455 (emphasis in original).[7] In *Newton,* the ALJ rejected the opinion of the treating physician based on the opinion of a non-treating, non-examining physician, which is improper. *Id.* at 456-57. However, the case here is distinguishable because the ALJ did not summarily reject Dr. Thomas' medical opinion and the ALJ was faced with competing first-hand evidence.

An ALJ does not need to specifically enumerate § 404.1527(c)'s six factors when there is "competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another," or when "the ALJ has weighed the 'treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion.'" *De La Cruz v. Colvin,* No. 3:15-CV-01949-K-BH, 2016 WL 5173329, at *9 (N.D. Tex. Sept. 1, 2016) (quoting *Newton,* 209 F.3d at 458); *see also Jones v. Colvin,* 638 F. App'x 300,

---

[7] 20 C.F.R § 404.1527(c) outlines the evaluation of certain medical opinions along the following six factors: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the physician's specialization.

7

304 (5th Cir. 2016) ("Furthermore, this Court has also held that ALJs are not required to consider the § 404.1527(c) factors before dismissing a treating physician's opinion if there is competing first-hand medical evidence contradicting that opinion.") "The *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue,* 339 F. App'x 461, 467 (5th Cir. 2009).

Upon good cause shown, the ALJ may give less weight, little weight, or even no weight to a treating physician's opinion. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). The Fifth Circuit has found good cause where opinions were brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Id.* (citing *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 482) (collecting cases)).

The ALJ had good cause to give Dr. Thomas' opinion less than controlling weight because Dr. Thomas' medical opinion was brief and conclusory. The Fifth Circuit has found that when a treating physician's questionnaire is characterized by "its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations," it may not be entitled to controlling weight. *Foster v. Astrue,* 410 F. App'x 831, 833 (5th Cir. 2011); *see also Heck v. Colvin,* 674 F. App'x 411, 415 (5th Cir. 2017) ("We have previously characterized responses to a questionnaire format as typical brief or conclusory testimony and

8

declined to accord these responses controlling weight when they lack explanatory notes or supporting objective tests and examinations.'") (citing *Foster v. Astrue,* 674 F. App'x at 415) (internal quotation marks omitted). Dr. Thomas' medical opinion consisted of a 3-page check-box form without any written explanation or supporting objective tests and examinations. R. 591-94.

The ALJ gave some weight to Dr. Thomas' medical opinion in its evaluation, but the ALJ also noted legitimate concerns. First, Dr. Thomas' opinion provided no explanation for why Plaintiff would be limited to standing/walking for only 2 hours in an 8-hour workday. R. 27-30, 591-94. Dr. Thomas assessed Plaintiff's mental limitations based on depression and indicated Plaintiff's ability to maintain regular work attendance and ability to deal with normal work stress was poor. *Id.*; R. 596-99. However, Plaintiff did not allege depression during the disability determination hearing, and the record contains no evidence of any treatment for depression. R. 30, 596-99.

The record contains first-hand medical evidence that contradicts Dr. Thomas' opinion, including from Dr. William Fleming, who examined Plaintiff, R. 471-76, and from non-examining state agency medical consultants Dr. Roberta Herman and Dr. Amita Hedge, R. 69-84, 87-102. Progress notes from examinations in March 2014 indicate that Plaintiff's cardiovascular health was normal, that he had a normal musculoskeletal system with normal muscle strength

and tone, that he had full, painless range of motion of his major muscle groups and joints without joint tenderness, and that his upper and lower extremities were normal. R. 505, 550. In August 2014, Dr. Fleming noted Plaintiff's normal gait and strength in both upper and lower extremities, his good coordination, and lack of impairment with regard to tandem walking, walking on toes, walking on heels, heel-to-shin movements, finger-to-nose movements, or of rapid alternating movements. R. 471.

At the initial determination and on reconsideration, both Dr. Herman and Dr. Hedge opined that the claimant had no functional limitations, except that he could stand and/or walk for 6 hours in an 8 hour workday with normal breaks; sit for 6 hours in an 8 hour workday; and only lift 20 pounds occasionally and 10 pounds frequently. R. 69-84, 87-102. The ALJ considered their opinions and, in comparison, found the claimant's capability to be more limited than those doctors had. R. 30. Accordingly, the ALJ did not entirely reject Dr. Thomas' opinion but gave it some weight. The ALJ therefore did not need to perform the six-step analysis discussed in *Newton*. *See Nordin v. Comm'r, SSA*, No. 4:16-CV-00830-CAN, 2018 WL 1536897, at *4 (E.D. Tex. Mar. 28, 2018) ("[T]he detailed analysis under *Newton* is not necessary when the ALJ has weighed the treating physician's opinion against opinions of other treating or examining physicians who have specific medical bases for a contrary opinion.").

Further, Plaintiff's account of his day-to-day activities supports the ALJ's findings. Plaintiff asserted that he had no problem managing his personal care, preparing his own meals, doing his own laundry, cleaning, and performing minor repairs. R. 50-51, 236-38. Plaintiff also reported that he drove a car alone, shopped in stores by himself, and managed his own finances. R. 236-38.

C. **The ALJ Properly Considered Plaintiff's Work History.**

Plaintiff asserts that his lengthy and consistent work history is a factor that lends to his credibility and that the ALJ erred by failing to consider it when evaluating Plaintiff's credibility. ECF. No. 13 at 20.[8] Plaintiff's argument is without merit.

During the disability determination hearing, the ALJ inquired into Plaintiff's work history in great detail. R. 43-47. She also reviewed the work history in detail with the vocational expert before formulating the hypotheticals. R. 56-65. The ALJ did not specifically discuss the details of Plaintiff's work history in her opinion, but she asserted that she carefully considered all the evidence in the record. R. 22, 27.

The Fifth Circuit has explicitly rejected rigid rules of articulation and held

---

[8] Plaintiff also asserts that the "ALJ's credibility assessment is generally deficient" for failing to properly evaluate the medical opinion evidence. ECF. No. 13 at 20. As discussed above in subsection II(B), the ALJ properly evaluated the medical opinion evidence.

that the ALJ does not have to specifically itemize each piece of specific evidence. *Falco v. Shalala,* 27 F.3d 160, 163-164 (5th Cir. 1994). An ALJ's statement about her consideration of the evidence is not disposable boilerplate, but rather a statement that the Court considers a true record of the ALJ's actions. *See, e.g., Brunson v. Astrue,* 387 F. App'x. 459, 2010 WL 2802372, at *2 (5th Cir. Jul. 16, 2010) ("ALJ's decision states expressly that it was made '[a]fter careful consideration of all the evidence,' and we see no reason or evidence to dispute his assertion."). The ALJ here "careful[ly] consider[ed] the entire record," and the record contains no indication to the contrary. R. 22, 27.

## IV. <u>CONCLUSION</u>

This Court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standards in making her findings. Accordingly, Plaintiff's motion for summary judgment is **DENIED**, and Defendant's motion for summary judgment is **GRANTED.** The Commissioner's decision is **AFFIRMED.** This case is **DISMISSED WITH PREJUDICE.**

Signed at Houston, Texas, on August 30, 2018.

*Dena Palermo*
_____

                    Dena Hanovice Palermo
                    United States Magistrate Judge